IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN ANDERSON,<br>                        Plaintiff,<br><br>  vs.<br><br>UNIT MANAGER ZOBAYTNE, A BLOCK; CHERYL L. CHRONISTER, Chief Grievance Officer; LAURAL HARRY, Superintendent S.C.I. Camp Hill; CORRECTIONS GUARD STOVER, Commissary Supervisor,<br>                        Defendants. | )<br>)<br>)<br>) Civil Action No. 13-475<br>)<br>) Judge Joy Flowers Conti/<br>) Magistrate Judge Maureen P. Kelly<br>)<br>)<br>)<br>)<br>) |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is recommended that this prisoner civil rights action be transferred forthwith to the United States District Court for the Middle District of Pennsylvania where venue is proper because all of the claims concern events that took place at the State Correctional Institution in Camp Hill ("SCI-Camp Hill") which is located within the territorial limits of the United States District Court for the Middle District of Pennsylvania ("Middle District").[1]

**II. REPORT**

  **A. Background**

Brian Anderson ("Plaintiff"), is a prisoner currently incarcerated at SCI-Camp Hill, which is located in Cumberland County, which is contained within the territorial limits of the United

---

[1] SCI-Camp Hill is located in Camp Hill, Pennsylvania, which is located within Cumberland County. Cumberland County is located within the territorial confines of the United States District Court for the Middle District of Pennsylvania. 28 U.S.C.A. § 118(b) (setting forth which counties of Pennsylvania are located in which federal districts).

See http://www.portal.state.pa.us/portal/server.pt?open=512&objID=7261&mode=2

(site last visited 4/7/2013).

States District Court for the Middle District of Pennsylvania. The gravamen of Plaintiff's Complaint is that, while he was housed at SCI-Camp Hill, Defendants mistreated him by taking food items he had purchased while he was at the State Correctional Institution in Pittsburgh ("SCI-Pittsburgh") and by refusing to give him those items after he was transferred to SCI-Camp Hill. These events allegedly occurred from February 20, 2013 (the date whereon he was transferred from SCI-Pittsburgh to SCI-Camp Hill) and continued until March 7, 2013. ECF No. 1-1 at 3, ¶ IV.C.

Although Plaintiff does not specifically invoke 42 U.S.C. § 1983, he appears to be alleging that he suffered a violation of his Constitutional rights. ECF No. 1-1 at 3, ¶ III. Because Plaintiff does not have a direct cause of action under the United States Constitution, a liberal reading of the Complaint would require us to presume Plaintiff is attempting to state a cause of action under Section 1983. See, e.g., Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001) ("a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983."); Pauk v. Board of Trustees of City University of New York, 654 F.2d 856 (2d Cir 1981) (where a federal statute governing civil action for deprivation of rights provides a remedy, *i.e.*, 42 U.S.C. § 1983, an implied cause of action grounded on the Constitution is not available), *overruling on other grounds as recognized in*, Brandman v. North Shore Guidance Center, 636 F.Supp. 877, 879 (E.D.N.Y. 1986). Hence, this Court construes the current civil action as alleging a cause of action under Section 1983.

**B. Venue is Proper in the United States District Court for the Middle District of Pennsylvania.**

As the United States Court of Appeals for the Third Circuit has observed,"[s]ection 1983 contains no special venue provision. Therefore, the general venue provisions of 28 U.S.C. §

2

1391 apply." Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 462 (3d Cir. 1996) (citation omitted). Section 1391 provides in relevant part that

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). The complaint indicates that the Defendants are apparently employed at or work at SCI-Camp Hill which is located in the Middle District. This supports the inference that they reside in the Middle District.

In addition, it appears that not only a "substantial part of the events or omissions giving rise to the claim occurred" in the Middle District but all of the events or omissions occurred in the Middle District. As such, it appears that venue is properly laid in the Middle District.

A District Court is granted discretion to *sua sponte* transfer cases by 28 U.S.C. § 1404(a) which provides in relevant part that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." See Robinson v. Town of Madison, 752 F.Supp. 842, 846 (N.D. Ill. 1990)("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").

Thus, the Court is presented with the question of whether transfer to the Middle District is "for the convenience of the parties and witnesses [and] in the interest of justice." In performing this analysis, the courts may rely upon traditional venue considerations.

In ruling on § 1404(a) motions,

> courts have considered a host of factors that flesh out the considerations
> enunciated in the statute (convenience of parties, convenience of witnesses, and

the interest of justice). The analysis is flexible and must be made on the unique facts of each case. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249-50 (1981); *Van Dusen*, 376 U.S. at 623. In *Gulf Oil v. Gilbert*, 330 U.S. 501 (1946), the Supreme Court listed two sets of factors that should be considered in deciding a transfer request. The *Gulf Oil* factors fall into two broad categories. One category is factors relating to the private interests of the parties to the litigation, including: the plaintiff's choice of forum, ease of access to sources of proof, availability of compulsory process over unwilling witnesses, obstacles to a fair trial and "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. at 508. The other category consists of factors involving the public interests in administration of the courts and adjudication of cases, including: court congestion and other administrative difficulties, placing the burden of jury duty on those having the closest ties to the action, local interests in having cases adjudicated at home, and familiarity of the forum court with the applicable law. *See id*. at 508-09.

Having given due consideration to all of the above factors, it is this Court's considered opinion that those factors weigh in favor of *sua sponte* transferring this case to the United States District Court for the Middle District of Pennsylvania. See, e.g., Davis v. Regan, 872 F.2d 1025 (Table), 1989 WL 40200, at *1 (6th Cir. 1989) (affirming *sua sponte* pre service dismissal on grounds of improper venue).

## III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell

v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                          s/Maureen P. Kelly
                                          MAUREEN P. KELLY
                                          U.S. MAGISTRATE JUDGE

Dated: April 23, 2013

cc:     The Honorable Joy Flowers Conti
       United States District Judge

       Brian Anderson
       KV-4456
       S.C.I. Camp Hill
       P.O. Box 200
       Camp Hill, PA 17001-0200